**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A., | ) ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 17-82-LPS-CJB |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| BLACKBERRY LIMITED and BLACKBERRY CORPORATION, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A., | ) ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 17-84-LPS-CJB |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| LENOVO GROUP LTD., LENOVO HOLDING CO., INC., LENOVO (UNITED STATES) INC. and MOTOROLA MOBILITY LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| 3G LICENSING, S.A., KONINKLIJKE KPN N.V., and ORANGE S.A., | ) ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 17-85-LPS-CJB |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| LG ELECTRONICS INC., LG ELECTRONICS, U.S.A., INC. and LG ELECTRONICS MOBILECOMM U.S.A., INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| KONINKLIJKE KPN N.V., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 17-86-LPS-CJB |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| GEMALTO IOT LLC, GEMALTO M2M GMBH, and GEMALTO INC., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| KONINKLIJKE KPN N.V., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 17-87-LPS-CJB |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| KYOCERA CORPORATION and KYOCERA INTERNATIONAL, INC., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| KONINKLIJKE KPN N.V., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 17-88-LPS-CJB |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| NEC CORPORATION and NEC CORPORATION OF AMERICA, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| KONINKLIJKE KPN N.V., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 17-90-LPS-CJB |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| SIERRA WIRELESS, INC. and SIERRA WIRELESS AMERICA, INC., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

|  |  |  |
|---|---|---|
| KONINKLIJKE KPN N.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 17-91-LPS-CJB |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| TCL COMMUNICATION, INC., TCL COMMUNICATION TECHNOLOGY HOLDING LIMITED, TCT MOBILE, INC., TCT MOBILE (US) INC., and TCT MOBILE (US) HOLDINGS, INC., | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| KONINKLIJKE KPN N.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 17-92-LPS-CJB |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| TELIT WIRELESS SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
THEIR MOTION FOR JUDGMENT ON THE PLEADINGS
THAT U.S. PATENT NO. 6,212,662 IS INVALID UNDER 35 U.S.C. § 101**

# TABLE OF CONTENTS

**Page**

I.  The Claims of the '662 Patent Recite an Abstract Idea ...................................................... 2

    A.  The Abstract Idea Fairly Captures the Claims' Character as a Whole .................... 2

    B.  The Recitation of Generic "Device" Limitations Cannot Save the Claims ............ 3

    C.  The Claims Do Not Recite a Specific "Technical Solution" ................................... 5

    D.  KPN Fails to Address Defendants' Actual Preemption Argument ......................... 8

II.  The Claims Do Not Recite an Inventive Concept................................................................ 8

III.  Conclusion ...................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*,
    728 F.3d 1336 (Fed. Cir. 2013) ............................................................................ 5, 8

*Affinity Labs of Texas, LLC v. DIRECTV, LLC*,
    838 F.3d 1253 (Fed. Cir. 2016) ............................................................................ 4, 5

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
    134 S. Ct. 2347 (2014) ..................................................................................... 1, 3, 9

*Amdocs Ltd. v. Openet Telecom, Inc.*,
    841 F.3d 1288 (Fed. Cir. 2016) ............................................................................ 7, 9

*Ariosa Diagnostics, Inc. v. Sequenom, Inc.*,
    788 F.3d 1371 (Fed. Cir. 2015) ................................................................................ 8

*Bancorp Servs., LLC v. Sun Life Assurance Co. of Canada (U.S.)*,
    687 F.3d 1266 (Fed. Cir. 2012) ................................................................................ 3

*BASCOM Global Internet Servs., Inc. v. AT&T Mobility LLC*,
    827 F.3d 1341 (Fed. Cir. 2016) ................................................................................ 9

*Broadsoft, Inc. v. Callwave Commc'ns*,
    C.A. No. 13-711-RGA (D. Del. Oct. 1, 2017) ...................................................... 10

*Callwave Commc'ns, LLC v. AT&T Mobility*,
    207 F. Supp. 3d 405 (D. Del. 2016) ...................................................................... 10

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*,
    776 F.3d 1343 (Fed. Cir. 2014) .......................................................................... 4, 10

*Cybersource Corp. v. Retail Decisions, Inc.*,
    654 F.3d 1366 (Fed. Cir. 2011) ............................................................................ 3, 4

*DDR Holdings, LLC v. Hotels.com, L.P.*,
    773 F.3d 1245 (Fed. Cir. 2014) ................................................................................ 9

*Digitech Image Techs., LLC v. Elecs. for Imaging, Inc.*,
    758 F.3d 1344 (Fed. Cir. 2014) ................................................................................ 4

*Elec. Power Grp., LLC v. Alstom S.A.*,
    830 F.3d 1350 (Fed. Cir. 2016) ............................................................................ 4, 5

**TABLE OF AUTHORITIES**
*(continued)*

Page(s)

*Enfish, LLC v. Microsoft Corp.*,
    822 F.3d 1327 (Fed. Cir. 2016)..................................................................................... 7

*France Telecom S.A. v. Marvell Semiconductor Inc.*,
    39 F. Supp. 3d 1080 (N.D. Cal. 2014) .......................................................................... 7

*Genetic Techs. Ltd. v. Lab. Corp. of America Holdings*,
    C.A. No. 12-1736-LPS-CJB, 2014 WL 4379587 (D. Del. Sept. 3, 2014)................... 5

*Gottschalk v. Benson*,
    409 U.S. 63 (1972)........................................................................................................ 4

*Intellectual Ventures I LLC v. AT&T Mobility LLC*,
    235 F. Supp. 3d 577 (D. Del. 2016) ............................................................................. 2

*Intellectual Ventures I LLC v. Capital One Fin. Corp.*,
    850 F.3d 1332 (Fed. Cir. 2017)..................................................................................... 4

*Intellectual Ventures I LLC v. Erie Indem. Co.*,
    850 F.3d 1315 (Fed. Cir. 2017)..................................................................................... 5

*Intellectual Ventures I LLC v. Symantec Corp.*,
    C.A. No. 13-440-LPS, 2017 WL 639638 (D. Del. Feb. 13, 2017) ............................. 4

*Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*,
    123 F. Supp. 3d 557 (D. Del. 2015).......................................................................... 5, 8

*Jedi Techs., Inc. v. Spark Networks, Inc.*,
    C.A. No. 16-1055-GMS, 2017 WL 3315279 (D. Del. Aug. 3, 2017) ........................ 5

*MAZ Encryption Techs. LLC v. Blackberry Corp.*,
    C.A. No. 13-304-LPS, 2016 WL 5661981 (D. Del. Sept. 29, 2016)....................... 2, 7

*McRO, Inc. v. Bandai Namco Games Am.*,
    837 F.3d 1299 (Fed. Cir. 2016)..................................................................................... 7

*Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*,
    811 F.3d 1314 (Fed. Cir. 2016)..................................................................................... 3

*Personalized Media Commc'ns, LLC v. Amazon.Com, Inc.*,
    161 F. Supp. 3d 325 (D. Del. 2015).............................................................................. 4

*Research Corp. Techs. v. Microsoft Corp.*,
    627 F.3d 859 (Fed. Cir. 2010)....................................................................................... 7

## **TABLE OF AUTHORITIES**
### *(continued)*

Page(s)

*SiRF Tech., Inc. v. Int'l Trade Comm'n,*
   601 F.3d 1319 (Fed. Cir. 2010)................................................................................................ 3

*Synopsys, Inc. v. Mentor Graphics Corp.,*
   839 F.3d 1138 (Fed. Cir. 2016)................................................................................................ 8

*The Money Suite Co. v. 21st Century Ins. & Fin. Servs, Inc.,*
   C.A. No. 13-984-GMS, 2015 WL 436160 (D. Del. Jan. 27, 2015)........................................ 8

*In re TLI Commc'ns LLC Patent Litig.,*
   823 F.3d 607 (Fed. Cir. 2016)................................................................................................. 4

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC,*
   C.A. No. 14-1006-RGA, 2016 WL 4373698 (D. Del. Aug. 15, 2016)............................... 6, 8

*Versata Dev. Grp., Inc. v. SAP Am., Inc.,*
   793 F.3d 1306 (Fed. Cir. 2015)............................................................................................... 3

*Yodlee, Inc. v. Plaid Techs. Inc.,*
   C.A. No. 14-1445-LPS, 2016 WL 2982503 (D. Del. May 23, 2016)....................................... 2

KPN fails to identify a single feature of the claims of the '662 Patent that is sufficiently concrete and specific to make the claims patentable. The claims recite a generic device that does two things. First, it reorders data. Second, it generates additional data. There is nothing more. KPN even concedes that the claims "do not describe checking for errors" and "do not state 'how to *use* the reordered . . . additional data'." KPN's Opposition ("Opp.") at 2-3.[1] Claims directed to abstract ideas embodied in generic devices, like these, have routinely been found to be ineligible.

With respect to step one of the *Alice*, inquiry, KPN makes several failed arguments. First, it argues that the abstract idea Defendants identify oversimplifies the claims. To the contrary, the abstract idea identified by Defendants captures every meaningful claim element. Second, KPN argues that including the word "device" in its claims saves them. KPN even resorts to incorrectly telling the Court that "each" of Defendants' cases involved only method claims that do not recite a device. To the contrary, the Supreme Court itself invalidated device claims like these in *Alice*, eliminating the old dichotomy between method and device claims when evaluating patent eligibility. Moreover, the "device" elements in these claims are generic and functional, adding no meaningful specific limitations to the claim. Third, KPN argues that the specification says it solves a technical problem, and thus the claims are not abstract. That is not the law; it is the claims, not the specification, that must be directed to a specific technological solution. The claims in this case are not directed to any such solution.

As for step two, because the abstract idea covers every meaningful limitation in the claims, there is nothing left for KPN to point to as an alleged "inventive concept." KPN instead identifies recitations already captured by the abstract idea or that do not convey structure

---

[1] It is unclear why KPN's Brief indicates 3G Licensing and Orange S.A. are opposing Defendants' motion, as neither entity is a party to the actions directed to only the '662 Patent. We refer herein to KPN as the party making the arguments in the Opposition.

sufficient to convey a specific inventive concept.  KPN also relies on the Patent Office's decision

not to institute an IPR on two of the dependent claims, which this court has held is wholly

irrelevant to patent eligibility. Hence the claims are ineligible as a matter of law.[2]

## I.      THE CLAIMS OF THE '662 PATENT RECITE AN ABSTRACT IDEA

### A.      The Abstract Idea Fairly Captures the Claims' Character as a Whole

KPN's argument that Defendants' articulation of the abstract idea "grossly

oversimplif[ies]" the claims is incorrect.  Opp. at 1-3.  The claims are indeed as simple as the

abstract idea suggests.  Claim 1 recites a device that first reorders data (by a "permutating device"

and a "varying device"), and then generates additional data (by a "generating device").  D.I. 31 at

6-7 and 10-12.  The other language in claim 1 merely recites that the data is organized in an

ordered sequence of bits and blocks, and that the data is provided from one part of the device to

the other.  There is no "special sauce" in these claims that provides some additional detail that is

missed by the abstract idea Defendants identify, and KPN points to none.[3]  Thus, Defendants'

identification of the abstract idea captures perfectly the claims, unlike cases in which courts have

found improper oversimplification.  *Cf. MAZ Encryption Techs. LLC v. Blackberry Corp.*, C.A.

No. 13-304, 2016 WL 5661981, at *6-7 (D. Del. Sept. 29, 2016).

KPN boldly compares its patent to Edison's lightbulb patent, arguing that Defendants

would argue that his patent "was, at bottom, directed to creating light in a room."  Opp. at 8.  To

---

[2] KPN states that "Defendants must show by clear and convincing evidence that each claim of the
'662 Patent is invalid."  Opp. at 5.  However, the standard of proof does not come into play in a
Section 101 motion at the pleading stage. *Yodlee, Inc. v. Plaid Techs. Inc.*, C.A. No. 14-1445,
2016 WL 2982503, at *2 (D. Del. May 23, 2016); *Intellectual Ventures I LLC v. AT&T Mobility
LLC*, 235 F. Supp. 3d 577, 589 (D. Del. 2016) ("Patent eligibility is a question of law.").

[3] Defendants even gave KPN the benefit of the doubt by acknowledging that the generated data is
used in the detection of errors, but KPN now argues that error detection is "just one *example*" of
how the claimed device "*could be used*."  Opp. at 2 n.1, 8 n.3 (emphases in original).

2

say this is an inapt comparison is an understatement.  The '662 Patent claims are nothing like

those in Edison's famous "Electric-Lamp" patent (U.S. Patent No. 223,898 (Ex. J)).  Edison did

not simply claim a device that creates light.  Instead, he claimed a device with specific structures,

including "a filament of carbon of high resistance" that is "secured to metallic wires," and a

"receiver made entirely of glass and conductors passing through the glass."  If anything,

comparison with Edison's patent demonstrates the complete lack of specificity in KPN's claims.

### B.    The Recitation of Generic "Device" Limitations Cannot Save the Claims

KPN also argues the claims are not abstract because they are "directed to a 'device'—not

a method" and thus according to KPN are "incapable of being performed entirely in a human

mind."  *See* Opp. at 2-3, 12-13.  The Supreme Court explicitly rejected this old argument in *Alice*:

> [W]hat petitioner characterizes as specific hardware—a 'data processing system'
> with a 'communications controller' and 'data storage unit' . . . is purely functional
> and generic. . . . As a result, none of the hardware recited by the system claims
> 'offers a meaningful limitation beyond generally linking 'the use of the [method]
> to a particular technological environment,' that is, implementation via computers.

*Alice v. CLS Bank*, 134 S. Ct. 2347, 2360 (2014)(emphasis added) (internal citations omitted).

Indeed, the Federal Circuit has routinely found device claims ineligible by invoking the human

mind analysis.  *Versata Dev. Grp., Inc. v. SAP Am., Inc.*, 793 F.3d 1306, 1335 (Fed. Cir. 2015);

*Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1324-25 (Fed. Cir. 2016);

*Cybersource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1374-75 (Fed. Cir. 2011); *Bancorp*

*Servs., LLC v. Sun Life Assurance Co. of Canada (U.S.)*, 687 F.3d 1266, 1277 (Fed. Cir. 2012).

KPN's argument disregards this precedent and brazenly asserts the opposite—that

recitation of "even a 'generic' [device]" is sufficient to render claims non-abstract.  Opp. at 15.

KPN's principal support for that rejected legal theory is an easily distinguished pre-*Alice* case,

*SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1332-33 (Fed. Cir. 2010) (the "specific

machine---a GPS receiver" "places a meaningful limit on the scope of the claims").  The other

cases KPN cites are inapposite.  Opp. at 15-16.  In each, the claims were found eligible not

because they recited a generic device, but because they recited a specific technological

improvement over the prior art, as discussed below.

KPN fails to—and cannot—distinguish the litany of cases Defendants cite in which courts

rejected claims directed to the abstract ideas of manipulating, reordering or generating data.[4]  *See*

D.I. 31 at 14-16.  Instead, KPN incorrectly states that "each case Defendants cite" claims

methods rather than devices and then cites them with misleading parentheticals.  Opp. at 12-15.

In fact, the claims in most of Defendants' cases included device claims or method claims with

device elements.[5]  In any event, as discussed, the method/device distinction is irrelevant.

KPN argues that the device terms are not generic because it says the specification shows a

"'sophisticated, computer-implemented' mechanism for generating data."  *Id.* at 3, 13.  These

arguments misrepresent the specification, which actually describes the alleged invention as a

"method for the transmission of data," not some specific apparatus.  *See* Ex. A at 2:26-31.  And it

says that the method may be implemented in <u>any</u> suitable hardware or software.  Ex. A at 6:14-19

(describing Fig. 3 as including "microprocessor and suitable memory means," "suitable software

programs," and "an additional memory"); *id.* at 6:20-22 (the invention may be "implemented in

---

[4] KPN wholly ignores several analogous cases Defendants cited.  *Intellectual Ventures I LLC v. Symantec Corp.*, C.A. No. 13-440, 2017 WL 639638, at *4 (D. Del. Feb. 13, 2017); *Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1258-59 (Fed. Cir. 2016); *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 612-13 (Fed. Cir. 2016).

[5] *See, e.g.*, *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 850 F.3d 1332, 1339 (Fed. Cir. 2017) (apparatus claim); *CyberSource Corp.*, 654 F.3d at 1373-74 (apparatus claim); *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1345 (Fed. Cir. 2014) (claim reciting "automated digitizing unit"); *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1351 (Fed. Cir. 2016) (claim reciting "electric power grid"); *Digitech Image Techs., LLC v. Elecs. for Imaging, Inc.*, 758 F.3d 1344, 1349 (Fed. Cir. 2014) (claim reciting "device in a digital image reproduction system"); *Gottschalk v. Benson*, 409 U.S. 63, 73 (1972) (claim reciting "reentrant shift register"); *Personalized Media Commc'ns, LLC v. Amazon.Com, Inc.*, 161 F. Supp. 3d 325, 333 (D. Del. 2015) (claim reciting "receiver station").

hardware, e.g. in an application-specific integrated circuit (ASIC)."  Broad, generic descriptions of hardware do not make a claim concrete, even if claimed.  *See, e.g.*, *Intellectual Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315, 1331 (Fed. Cir. 2017) ("the claimed mobile interface is so lacking in implementation details that it amounts to merely a generic component (software, hardware, or firmware) that permits the performance of the abstract idea").

Regardless of what devices might be disclosed in the specification, however, it is the claims that determine patent eligibility, not the specification.[6]  *Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1345 (Fed. Cir. 2013) ("the level of detail in the specification does not transform a claim reciting only an abstract concept into a patent-eligible system or method"); *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 123 F. Supp. 3d 557, 561 (D. Del. 2015) ("The specification is not the text sought to be patent-eligible.").  The only device elements in the claims are the "generating device," "varying device," and "permutation device." Such generic, functional devices do not provide sufficient structure to make the abstract idea a concrete invention.  *Elec. Power Grp.*, 830 F.3d at 1356 ("the essentially result-focused, functional character of claim language has been a frequent feature of claims held ineligible under § 101"); *Affinity Labs of Texas, LLC*, 838 F.3d at 1258-59 (same).

## C. The Claims Do Not Recite a Specific "Technical Solution"

KPN argues that because the *specification* describes what it calls a technical solution to a technical problem, the court must find the *claims* eligible.  Opp. at 6.  That is not the law. Virtually every patent says it solves some technical problem, and the Court can accept those

---

[6] KPN "disagree[s] that the prior constructions are the most favorable." Opp. at 6.  But merely raising the specter of claim construction, without raising specific constructions that would impact the analysis, cannot defeat a Rule 12 motion. *Genetic Techs. Ltd. v. Lab. Corp. of America Holdings*, C.A. No. 12-1736, 2014 WL 4379587, at *6, 10-11, n.9 (Del. Sept. 3, 2014); *Jedi Techs., Inc. v. Spark Networks, Inc.*, C.A. No. 16-1055, 2017 WL 3315279, at *6 (D. Del. Aug. 3, 2017).

statements as true in a 12(c) motion.  But merely describing a technical solution in the

specification is insufficient to confer patent eligibility—the claims must specifically recite such a

solution.  *See, e.g.*, *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, C.A. 14-1006, 2016

WL 4373698, at *5 (D. Del. Aug. 15, 2016) ("Even if I accept that the architecture described in

the patent specification is designed to solve the technological problems . . . the fact remains that

the claims do not recite the mechanism by which those problems are solved.").  As shown below,

the '662 Patent does not claim what the patent says is the "technical solution."

> The reordering of data and generation of additional data is not what the patent describes

as the alleged invention.  Instead, the patent states that the invention was a method of transmitting

data that generates at both the transmitting and receiving ends check data based on varied original

data, and then compares the generated check data at both ends to detect errors:

> These and other objects are met in accordance with the invention by a . . . method
> comprising the steps of:  generating, at the transmitting end, supplementary data on the
> basis of original data by means of a first function, said first function varying said original
> data in time; transmitting both the original data and the supplementary data over a
> transmission path; regenerating, at the receiving end, supplementary data on the basis of
> the reprocessed transmitted data by means of a second function, said second function
> varying said original data in time; and checking the transmitted data by comparing the
> regenerated supplementary data with the transmitted supplementary data.

Ex. A at 2:26-41 (emphases added).  Even accepting that this is a technological solution, that is

not what is claimed.  Instead, the claims merely recite a device that reorders data, and then

generates additional data; indeed, KPN now says that that data need not even be used in error

detection at all.  Opp. at 2 n.1, 8 n.3.  The claims do not require transmission of data, generating

check data at both ends of a transmission, or comparing check data generated at both ends.

> KPN cites *MAZ Encryption* on nearly every page of its brief.  That case, however, is

distinguishable for many reasons.  There, unlike in the '662 Patent, the patent claimed a lengthy

and specific method of encrypting a document that was sophisticated and could not be performed

by humans. *MAZ Encryption*, 2016 WL 5661981 at *4-5, 8. For example, the claimed "method of encrypting" included steps of "automatically translating" commands, "automatically tapping [an] event," "automatically obtaining an encryption key value," and "automatically encrypting the document using the encryption key value." *Id.* at *4-5. The claims required automation, without human intervention.[7] *Id.* The defendant also could not articulate a single abstract idea that captured the character of the claim. *Id.* at *6-7. In contrast, the '662 Patent claims a generic device that performs a method that could easily be performed by a human, as the sole example in the specification demonstrates.

The other cases KPN cites for its technological solution argument are similarly distinguishable, as they all involved detailed claims that provided a solution to a technical problem. *See Amdocs Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1300-01 (Fed. Cir. 2016) (claim recited "an unconventional technological solution to a technological problem" in computer functionality); *McRO, Inc. v. Bandai Namco Games Am.*, 837 F.3d 1299, 1313 (Fed. Cir. 2016) (method claim "limited to rules with specific characteristics" that "allow for the improvement realized by the invention"); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1338 (Fed. Cir. 2016) (claims "directed to a specific improvement to computer functionality"); *Research Corp. Techs. v. Microsoft Corp.*, 627 F.3d 859, 868-69 (Fed. Cir. 2010) (claims were directed to "inventions with specific applications or improvements to technologies in the marketplace"); *France Telecom S.A. v. Marvell Semiconductor Inc.*, 39 F. Supp. 3d 1080, 1092-93 (N.D. Cal. 2014) (method claims recited coding steps and how the result of the steps are used).

There are several far more analogous cases that address claims similar to that of the '662

---

[7] There is no support for KPN's argument that the invention claimed by the '662 Patent must be done without human intervention. Opp. at 4, 13. The claims suggest no such requirement.

Patent, each finding the claims ineligible.  *See, e.g.*, *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1149 (Fed. Cir. 2016); *Accenture*, 728 F.3d at 1345; *Two-Way Media*, 2016 WL 4373698, at *5; *Inventor Holdings*, 123 F. Supp. 3d at 561.  In each of these cases, the patent owner attempted to save abstract claims by relying on the disclosure of a "technical solution" in the specification, just as KPN does here.  And, in each case, the claims were held ineligible because they did not recite the disclosed technical solution.

### D.    KPN Fails to Address Defendants' Actual Preemption Argument

KPN argues there is no preemption because (1) the '662 Patent "identifies at least two alternative non-preempted techniques for manipulating data to generate check data" and (2) "the PTAB has identified *additional* devices for creating check data that the '662 Patent would not preempt."  Opp. at 16.  But defendants did not argue that the claims preempt all "techniques for manipulating data to generate check data."  Rather, Defendants argued that "the claims of the '662 Patent preempt the use of any device that <u>reorders data and then generates additional data</u>." *See* D.I. 31 at 17-18 (emphasis added).  Thus, KPN fails to address Defendants' preemption argument.  Regardless, "there is no rule that ideas that do not preempt an entire field are per se patent eligible."  *The Money Suite Co. v. 21st Century Ins. & Fin. Servs., Inc.*, C.A. No. 13-984, 2015 WL 436160, at *5 (D. Del. Jan. 27, 2015); *see also Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015) ("Where a patent's claims are deemed only to disclose patent ineligible subject matter . . . preemption concerns are fully addressed and made moot.").

## II.    THE CLAIMS DO NOT RECITE AN INVENTIVE CONCEPT

The abstract idea Defendants articulate incorporates every meaningful limitation of the claims, in the ordered combination in which the limitations are recited.  Thus, unlike in the cases KPN relies upon, the claims "contain nothing that 'amounts to significantly more than a patent upon the [abstract idea] itself.'"  *Synopsys*, 839 F.3d at 1152 (quoting *Alice*, 134 S. Ct. at 2355);

*cf. BASCOM Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir.

2016) ("The claims do not merely recite the abstract idea of filtering content along with the

requirement to perform it on the Internet, or to perform it on a set of generic computer

components.  Such claims would not contain an inventive concept."); *DDR Holdings, LLC v.

Hotels.com, L.P.*, 773 F.3d 1245, 1259 (Fed. Cir. 2014) (the claims "recite a specific way to

automate the creation of a composite web page by an 'outsource provider' that incorporates

elements from multiple sources"); *Amdocs*, 841 F.3d at 1301-02 (noting that the claims are

similar to those in *BASCOM* and *DDR Holdings*).  Indeed, after pulling out the limitations that

encompass the abstract idea, nothing remains to impart an inventive concept.

KPN nonetheless argues that the claims are limited by "additional elements."  Opp. at 16-

20.  First, as it does with respect to *Alice* step one, KPN alleges that the patent discloses "specific

devices that must include the identified capabilities [in the claims]."  Opp. at 18.  As discussed

above, there are no "specific devices" described or claimed in this patent.  *See* Ex. A at 6:14-22.

KPN also argues that the specification discloses "a new, non-conventional way of

generating the check data that represented a marked improvement over the prior art."  Opp. at 18-

19 (citing the specification's discussion of "insights" upon which the invention is based).  Even if

KPN's argument were correct, the "varying" function recited in the claims is already captured in

the abstract idea.  Thus, it cannot serve as the basis for an inventive concept separate and apart

from the abstract idea.  *Alice*, 134 S. Ct. at 2357 (noting the inquiry is whether the claim includes

"additional features" beyond the abstract idea).  KPN also argues that the patent claims "dynamic

permutating," a phrase that appears in neither the claims nor the specification.  *See, e.g.,* Opp. at

9-10.  This is an apparent reference to the feature of dependent claims 2 and 3 that the

permutation is modified over time or based on the data, which the patent does not describe as

inventive.[8]  Similarly, claim 4 recites storing permutations in a table, but the specification's scant disclosure of this feature does not say it is inventive (Ex. A at 5:67 and 6:19-20).  In any event, as explained in Defendants' Opening Brief, the dependent claims are written in abstract terms with no specificity as to how the permutations change over time or how the permutations are stored.  D.I. 31 at 20.  Thus, they too are abstract and devoid of a specific inventive concept.

Finally, KPN argues that the USPTO "found the patent to be decidedly inventive," citing the PTAB's decision not to institute IPR trials of certain claims of the '662 Patent based on a prior defendant's petition.  Opp. at 19-20.  The USPTO's decisions are wholly irrelevant to a section 101 challenge.  *See Callwave Commc'ns, LLC v. AT&T Mobility*, 207 F. Supp. 3d 405, 415 (D. Del. 2016) ("Plaintiff's repeated assertions that the inventive concept is demonstrated by the fact that the PTO granted the claims over certain prior art, both initially and after reexamination, are irrelevant to the § 101 inquiry.").[9]  Indeed, the PTAB decided only that Samsung had not shown a reasonable likelihood that two of the four claims were invalid over specific prior art.  The same could be said of every issued claim of every patent.  Just because the USPTO allowed a claim, or did not find it invalid over certain prior art identified in a particular petition filed by some other entity, does not mean the claims are patent-eligible.

## III.   CONCLUSION

For the reasons set forth, Defendants respectfully request that the Court grant their motion for judgment on the pleadings that the '662 Patent claims are invalid under 35 U.S.C. § 101.

---

[8]  KPN states without analysis that claim 1 is not representative of all claims.  Opp. at 9 n.4.  This Court has rejected such conclusory statements that do not explain why the dependent claims should be treated separately.  *Broadsoft, Inc. v. Callwave Commc'ns*, C.A. No. 13-711, (D. Del. Oct. 1, 2017) (Ex. K) at 8-9.  Indeed, claims 2-4 of the '662 Patent are "substantially similar and linked to the same[] idea" as claim 1.  *Content Extraction*, 776 F.3d at 1348.

[9]  KPN also misrepresents the record.  The PTAB found that claim 2 was most likely <u>invalid</u>, not that it was inventive. KPN Ex. 2 at 44.

Respectfully submitted,

OF COUNSEL:                          MORGAN, LEWIS & BOCKIUS LLP

Eric Kraeutler                       By:   */s/ Amy M. Dudash*
John V. Gorman                             Colm F. Connolly (#3151)
MORGAN, LEWIS & BOCKIUS LLP                Amy M. Dudash (#5741)
1701 Market Street                         The Nemours Building
Philadelphia, PA 19103-2921                1007 North Orange Street, Suite 501
Tel:  (215) 963-5000                       Wilmington, DE  19801
                                           Tel:  (302) 574-3000
Robert C. Bertin                           colm.connolly@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP                amy.dudash@morganlewis.com
1111 Pennsylvania Avenue N.W.
Washington, DC 20004-2541            *Attorneys for Defendants BlackBerry Limited*
Tel:  (202) 739-3000                 *and BlackBerry Corporation*


OF COUNSEL:                          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jonathan E. Retsky                   By:   */s/ Jack B. Blumenfeld*
Kathleen B. Barry                          Jack B. Blumenfeld (#1014)
James Winn                                 1201 North Market Street
WINSTON & STRAWN LLP                       P.O. Box 1347
35 West Wacker Drive                       Wilmington, DE  19899
Chicago, IL  60601                         Tel:  (302) 658-9200
Tel:  (312) 558-5600                       jblumenfeld@mnat.com

Andrew R. Sommer                     *Attorneys for Defendants Lenovo Holding Co.,*
WINSTON & STRAWN LLP                 *Inc., and Lenovo (United States) Inc.*
1700 K Street, N.W.
Washington, D.C.  20006-3817
Tel:  (202) 282-5000

OF COUNSEL:

Peter H. Kang
Ashish Nagdev
Jinyung Lee
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, CA 94304
Tel:  (650) 565-7000

Ryan M. Sandrock
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California  94104
Tel:  (415) 772-1200

MORRIS NICHOLS ARSHT & TUNNELL

By:  */s/ Rodger D. Smith*
       Rodger D. Smith (#3778)
       1201 North Market Street, 16th Floor
       P.O. Box 1347
       Wilmington, DE 19899-1347
       Tel:  (302) 351-9205
       rsmith@mnat.com

*Attorneys for Defendants LG Electronics Inc.,
LG Electronics U.S.A., Inc., and LG
Electronics MobileComm U.S.A., Inc.*

OF COUNSEL:

Brian A. Rosenthal
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel:  (212) 351-4000

Colby A. Davis
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071
Tel:  (213) 229-7000

Brian K. Andrea
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, DC  20036-5306
Tel:  (202) 955-8500

POTTER ANDERSON & CORROON LLP

By:   */s/ Bindu A. Palapura*
       David E. Moore (#3983)
       Bindu A. Palapura (#5370)
       Stephanie E. O'Byrne (#4446)
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       Wilmington, DE  19801
       Tel:  (302) 984-6000
       dmoore@potteranderson.com
       bpalapura@potteranderson.com
       sobyrne@potteranderson.com

*Attorneys for Defendants Gemalto IOT LLC,
Gemalto M2M GmbH, and Gemalto Inc.*

12

OF COUNSEL:

David L. Witcoff
Marc S. Blackman
Thomas W. Ritchie
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
Tel:  (312)782-3939

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By:  */s/ Stephen J. Kraftschik*
     Mary B. Graham (#2256)
     Stephen J. Kraftschik (#5623)
     1201 N. Market Street
     P.O. Box 1347
     Wilmington, DE 19899-1347
     Tel:  (302) 658-9200
     mgraham@mnat.com
     skraftschik@mnat.com

*Attorneys for Defendants Kyocera Corporation
and Kyocera International, Inc.*

OF COUNSEL:

Stuart W. Yothers
Kevin V. McCarthy
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Tel:  (212) 326-3939

Maxwell A. Fox
JONES DAY
Kamiyacho Prime Place
1-17, Toranomon 4-Chome
Minato-Ku, Tokyo 105-0001, Japan
Tel:  +81.3.6800.1876

ASHBY & GEDDES

By:  */s/ Steven J. Balick*
     Steven J. Balick (#2114)
     Andrew C. Mayo (#5207)
     500 Delaware Avenue, 8th Floor
     P.O. Box 1150
     Wilmington, DE 19899
     Tel:  (302) 654-1888
     sbalick@ashby-geddes.com
     amayo@ashby-geddes.com

*Attorneys for Defendants NEC Corporation
and NEC Corporation of America*

OF COUNSEL:

Adam Alper
Eric Cheng
Sarah Forney
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel:  (415) 439-1400

Michael W. De Vries
KIRKLAND & ELLIS LLP
333 S. Hope Street
Los Angeles, CA 90071
Tel:  (213) 680-8400

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By:   */s/ Jack B. Blumenfeld*_____
        Jack B. Blumenfeld (#1014)
        Jeremy A. Tigan (#5239)
        1201 North Market Street
        P.O. Box 1347
        Wilmington, DE  19899
        Tel:  (302) 658-9200
        jblumenfeld@mnat.com
        jtigan@mnat.com

*Attorneys for Defendants Sierra Wireless, Inc.*
*and Sierra Wireless America, Inc.*

OF COUNSEL:

William P. Quinn, Jr.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000

Bradford A. Cangro
Hang Zheng
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004-2541
Tel:  (202) 739-3000

MORGAN, LEWIS & BOCKIUS LLP

By:   */s/ Jody C. Barillare*_____
        Jody C. Barillare (#5107)
        The Nemours Building
        1007 N. Orange Street, Suite 501
        Wilmington, DE 19801
        Tel:  (302) 547-3000
        jody.barillare@morganlewis.com

*Attorneys for Defendants TCL Communication,*
*Inc., TCL Communication Technology Holding*
*Limited, TCT Mobile, Inc., TCT Mobile (US)*
*Inc., and TCT Mobile (US) Holdings, Inc.*

OF COUNSEL:

David A. Loewenstein
Guy Yonay
Clyde A. Shuman
PEARL COHEN ZEDEK LATZER BARATZ LLP
1500 Broadway, 12th Floor
New York, NY 10036
Tel:  (646) 878-0800

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By:  */s/ Jack B. Blumenfeld*
      Jack B. Blumenfeld (#1014)
      Rodger D. Smith (#3778)
      1201 North Market Street
      P.O. Box 1347
      Wilmington, DE  19899
      Tel:  (302) 658-9200
      jblumenfeld@mnat.com
      rsmith@mnat.com

*Attorneys for Defendant Telit Wireless
Solutions, Inc.*

Dated:  October 4, 2017
5427111/43915

15